## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| TOYO KOHAN CO. LTD., <br><br> Plaintiff <br><br> v. <br><br> UNITED STATES <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) Court No. 24-00261 |

## COMPLAINT

Toyo Kohan Co., Ltd. ("Toyo Kohan" or "Plaintiff"), by and through its counsel, states the following claims against Defendant, the United States:

## INTRODUCTION

1. Plaintiff seeks judicial review of the U.S. Department of Commerce's ("Commerce" or the "Department") final results of antidumping duty administrative review of diffusion-annealed nickel-plate flat-rolled steel from Japan, covering the period May 1, 2022, through – April 30, 2023.  *See Diffusion-Annealed, Nickel-Plated Flat-Rolled Steel Products From Japan: Final Results of Antidumping Duty Administrative Review; 2022-2023*, 89 Fed. Reg. 95,735 (Dep't of Commerce Dec. 3, 2024) (Case No. A-588-869) ("*Final Results*"). The Department's analysis of the issues raised in the *Final Results* is contained in the "Issues and Decision Memorandum for the Final Results of the 2022-2023 Administrative Review of the Antidumping Duty Order on Diffusion-

Annealed, Nickel-Plated Flat-Rolled Steel Products from Japan," issued on November 25, 2024 ("*Final I&D Memo*").

## JURISDICTION

2. The Court has jurisdiction over this action pursuant to 19 U.S.C.§ 1516a(a)(2)(A)(i)(I) and 19 U.S.C.§ 1516a(2)(B)(iii) to review a final result issued by Commerce under 19 U.S.C. § 1675. Furthermore, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1581(c).

## STANDING OF PLAINTIFFS

3. Plaintiff Toyo Kohan is a is a foreign producer of Diffusion-Annealed Nickel-Plated Flat-Rolled Steel Products from Japan ("subject merchandise"). Plaintiff Toyo Kohan is an interested party as defined in 19 U.S.C. §§ 1677(9)(A) and 1516a(f)(3), and a party that fully participated in the proceeding now being challenged. Accordingly, Toyo Kohan has standing to commence this action pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## TIMELINESS OF THIS ACTION

4. Commerce published notice of its determination in the 2022-2023 review of the antidumping duty ("AD") order on Diffusion-Annealed Nickel-Plated Flat-Rolled Steel Products from Japan on December 3, 2024. *See Final Results*.

5. This action was commenced with the filing of the Summons on December 23, 2024, which is within 30 days of the publication of the *Final Results*. Accordingly, this action is timely filed under 19 U.S.C. § 1516a(a)(2)(A).

## STATEMENT OF FACTS

6. On July 12, 2023, Commerce initiated its administrative review for the AD order on Diffusion-Annealed, Nickel-Plated Flat-Rolled Steel Products from Japan for the review period from May 1, 2022, through April 30, 2023. *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 88 Fed. Reg. 44,262 (Dep't of Commerce July 12, 2023). Toyo Kohan Co., Ltd. ("Toyo Kohan") was among the three Japanese producers/exporters of subject merchandise identified by Commerce.

7. On July 14, 2023, Commerce released U.S. import data from Customs and Border Protection ("CBP") for the purpose of respondent selection, and provided an opportunity for interested parties to comment on these data. *See Memorandum, "Antidumping Duty Administrative Review of Diffusion-Annealed Nickel-Plated Flat-Rolled Steel Products from Japan; 2022-2023: Release of U.S. Customs and Border Protection Entry Data"*, dated July 14, 2023 ("*CBP Data Memorandum*").

8. On August 18, 2023, Commerce issued its Respondent Selection Memorandum for the 2022-2023 review, and selected Toyo Kohan for individual examination as the mandatory respondent.

9. On August 18, 2023, Commerce issued its initial questionnaire and Toyo Kohan submitted its respective questionnaire responses. *See Toyo Kohan's Section A*

*Response*, dated August 29, 2023, *Toyo Kohan's Section B Response*, dated October 10, 2023, *Toyo Kohan's Section C Response*, dated October 10, 2023, *Toyo Kohan's Section D Response*, dated October 10, 2023, and *Toyo Kohan's Affiliated Reseller's Section B Response*, dated October 24, 2023.

10. Both Toyo Kohan's Section A Response and Toyo Kohan's Section C Response noted that Toyo Kohan had adopted the invoice date as the appropriate date of sale. *Id*.

11. Of particular note is Toyo Kohan's U.S. sales database that was submitted as part of Toyo Kohan's Section C Response. Such U.S. sales database contained a specific field – "VAL_ADJU" - indicating whether there was a price adjustment after shipment from the factory (but before final invoice was sent to customer). *See* Exhibit C-1 to Toyo Kohan's Section C Response, dated October 10, 2023. The Toyo Kohan U.S. sales database confirmed that there were multiple U.S. sales transactions that had price changes *after* the subject merchandise left the factory; and indeed, such sales with post shipment price adjustments accounted for approximately 50 percent of all U.S. sales transactions.

12. On March 22, 2024, Commerce issued its supplemental questionnaire for Section A, and Toyo Kohan submitted its response on April 3, 2024. None of the questions raised the issue of date of sale.

13. On April 8, 2024, Commerce issued its supplemental questionnaire for Section B, and Toyo Kohan submitted its response on April 22, 2024. While Commerce did have one question on date of sale, this was related to sales of overruns.

14. On April 12, 2024, Commerce issued its supplemental questionnaire for Section C, and Toyo Kohan submitted its response on April 22, 2024. While Commerce did have one question on date of sale, this was related to correcting the import entry dates.

15. On April 16, 2024, Toyo Kohan submitted its Pre-Prelim Comments.

16. On April 18, 2024, Commerce issued its supplemental questionnaire for Section D, and Toyo Kohan submitted its response on April 30, 2024. None of the questions raised the issue of date of sale.

17. On April 30, 2024, Commerce issued its second supplemental questionnaire for Sections A through C, and Toyo Kohan submitted its response on May 3, 2024. None of the questions raised the issue of date of sale.

18. On May 16, 2024, Commerce published its Preliminary Issues and Decision Memorandum. *See Decision Memorandum for the Preliminary Results of the 2022- 2023 Administrative Review of the Antidumping Duty Order on Diffusion-Annealed, Nickel-Plated Flat-Rolled Steel Products from Japan*, dated May 16, 2024 ("*Prelim I&D Memo*").

19. On May 23, 2024, Commerce published its preliminary AD determination in the *Federal Register*. That notice showed a calculated dumping margin of 12.69 percent for Toyo Kohan. *See Diffusion-Annealed, Nickel-Plated Flat-Rolled Steel Products From Japan: Preliminary Results and Partial Rescission of Antidumping Duty Administrative Review; 2022-2023*, 89 Fed. Reg. 45,638 (Dep't of Commerce May 23, 2024) ("*Preliminary Results*").

20. On May 28, 2024, Toyo Kohan submitted its request for correction of ministerial error.

21. On June 21, 2024, Toyo Kohan filed its Case Brief contesting that Commerce (1) identified (in the SAS code) the wrong "date of sale" field and (2) utilized the incorrect home market sales database.

22. On November 25, 2024, Commerce issued its *Final I&D Memo*. Commerce stated that because material terms of sale did not change between the shipment date and invoice date, as in the case for previous period of reviews, Commerce decided to use the shipment date instead of the invoice date as the date of sale. *See Final I&D Memo*.

23. On December 3, 2024, Commerce published its *Final Results* assigning a weighted average dumping margin of 4.44 percent for Toyo Kohan. *See Final Results*.

## STATEMENT OF CLAIMS

24. In the following respects, and for other reasons apparent from the administrative record of the underlying 2022-2023 AD administrative review, the Department's decision in the *Final Results* is not supported by substantial evidence on the record and otherwise not in accordance with law.

**Count 1:     The Department's Decision To Change The Applicable Date of Sale for U.S. Sales Transactions Is Not Supported by Substantial Evidence and Is Otherwise Not In Accordance with Law**

25. Toyo Kohan hereby re-alleges and incorporates by reference paragraphs 1 through 24.

26.     Determining the magnitude of antidumping duties is a comparison of "export price" and "normal value." The applicable statute defines "export price" as "the price at which the subject merchandise is first sold (or agreed to be sold) before the date of importation by the producer or exporter of the subject merchandise to an unaffiliated purchaser".19 U.S.C. §1677a(a).

27.     In its antidumping proceedings, the Department utilizes a "date of sale" analysis to determine when the subject merchandise is "first sold" pursuant to the statute. The Commerce Department's regulations contain a special provision addressing the appropriate "date of sale." Section 351.401(i) of the Department regulations provides that "{i}n identifying the date of sale of the subject merchandise . .., {Commerce} will normally use the <u>date of invoice</u> as recorded in the producer's records kept in the ordinary course of business." 19 C.F.R. §351.401(i)(emphasis added).

28.     In the underlying AD administrative review, Toyo Kohan reported its date of invoice as the applicable "date of sale" for all its U.S. sales transactions. This was the same approach that Toyo Kohan had undertaken in prior AD reviews.

29.     In its preliminary determination, the Commerce Department fully accepted and utilized Toyo Kohan's date of invoice as the applicable date of sale for the Department's AD margin calculation.

30.     But then, for its final determination, the Commerce Department abruptly changed course and decided to utilize the shipment date from Japan as the appropriate date of sale.

31.     Commerce did not justify this change. Citing only to one U.S. sales trace document and nothing else on the record, Commerce stated that because material terms of sale did not change between the shipment date (that is, shipment from the factory) and invoice date, as in the case for previous period of reviews, Commerce decided to use the shipment date instead of the invoice date as the date of sale.

32.     Commerce said nothing about the extensive record evidence showing that the material terms had changed. In particular, Commerce did not discuss the data reported in field "VAL_ADJU" of the Section C data base showing that approximately half of the U.S. sales prices showed changes between the shipment date and invoice date.

33.     Such Commerce decision was unsupported by substantial evidence and otherwise not in accordance with law.

## PRAYER FOR JUDGMENT AND RELIEF

WHEREFORE, for the foregoing reasons, Toyo Kohan prays that this Court enter judgment as follows:

(A)　Enter judgment in favor of Toyo Kohan;

(B)　Hold as unlawful the Department's *Final Results* in the contested administrative review that are the subject of this Complaint,

(C)　Remand this proceeding to Commerce with instructions to publish revised *Final Results* in conformity with the Court's decision; and

(D)　Grant Plaintiff such additional relief as the Court may deem just and proper.

>　Respectfully submitted,
>
>　/s/ Daniel L. Porter
>
>　Daniel L. Porter
>　James P. Durling
>　William Sjoberg
>　William Chandler
>　Ana M. Amador Gil
>
>　**Curtis Mallet-Prevost, Colt & Mosle LLP**
>　1717 Pennsylvania Avenue, N.W.
>　Washington, D.C. 20006
>　202-452-7373
>
>　*Counsel for Toyo Kohan Co., Ltd.*

December 23, 2024