Slip Op. 25-77

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| TOYO KOHAN CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> THOMAS STEEL STRIP CORPORATION, <br><br> Defendant-Intervenor. | Before: Jane A. Restani, Judge <br><br> Court No. 24-00261 |

## MEMORANDUM AND ORDER

[Plaintiff's motion to amend complaint is granted.]

Dated: June 17, 2025

Daniel Lewis Porter, James Philip Durling, and William Charles Sjoberg, Pillsbury Winthrop Shaw Pittman LLP, of Washington, DC, and William Gary Chandler, Pillsbury Winthrop Shaw Pittman LLP, of New York, NY, for plaintiff Toyo Kohan Co., Ltd.

Emma E. Bond, Lead Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for the defendant. Of counsel on the brief was William Mitchell Purdy, Office of Chief Counsel for Trade Enforcement & Compliance, U.S. Department of Commerce, of Washington, DC.

James R. Cannon, Jr., Nicole Brunda, and Ulrika Kristin Skitarelic Swanson, Cassidy Levy Kent (USA) LLP, of Washington, DC, for defendant-intervenor Thomas Steel Strip Corporation.

Before the court is Plaintiff's ("Toyo Kohan") motion to file an amended complaint. Toyo Kohan Mot. to Amend Compl., ECF No. 27 (Apr. 30, 2025) ("Toyo Kohan Mot."). On December 23, 2024, Toyo Kohan filed its initial complaint to contest the Department of Commerce's ("Commerce") final results of its antidumping duty administrative review of diffusion-annealed

nickel-plate flat-rolled steel from Japan, covering the period May 1, 2022, through April 30, 2023. Compl. at 1, ECF No. 6 (Dec. 23, 2024). On April 22, 2025, the United States Court of Appeals for the Federal Circuit ("Federal Circuit") issued its opinion in Marmen Inc. v. United States, 134 F.4th 1334 (Fed. Cir. 2025) ("Marmen"). In Marmen, the court concluded that Commerce unreasonably relied on the Cohen's d test "to determine whether prices differ significantly when the underlying data is not normally distributed, equally variable, and equally and sufficiently numerous." Id. at 1348. Toyo Kohan then filed this motion, requesting to amend the complaint that is currently before this court to include an argument that Commerce unreasonably applied the Cohen's d test to groups of sales data that did not meet the assumptions of normality and equal variances on which the test is based. Toyo Kohan Mot. at 8.

It is uncontested that Toyo Kohan did not raise this argument at any point before the agency. See Toyo Kohan Mot. at 3; Gov. Resp. in Opp. to Mot. to Amend Compl. at 1, ECF No. 29 (May 21, 2025) ("Gov. Resp."). Toyo Kohan argues that the intervening legal authority exception to exhaustion ought to govern. Toyo Kohan Mot. at 3. Toyo Kohan adds that the Federal Circuit's decisions in Marmen and Stupp Corp. v. United States, 2025 WL 1178392 (Fed. Cir. Apr. 23, 2025) ("Stupp") (vacating and remanding for Commerce to have an opportunity to re-perform a differential pricing analysis consistent with its opinion in Marmen) represent a fundamental shift in controlling law that directly forecloses Commerce's prior use of the Cohen's d methodology and that, accordingly, a pre-Marmen or Stupp challenge would have been futile. Toyo Kohan Mot. at 3–4. The government responds that, because the argument was not exhausted at the agency level, the court should deny this motion. Gov. Resp. at 1. The government adds that the proposed amendment would unduly delay proceedings and prejudice the United States. Id. Last, the government argues that the intervening case law exception applies to issues that present

a pure question of law, whereas Toyo Kohan's proposed new claim presents factual and analytical issues that must be resolved by Commerce. Id. at 9.

The court will ordinarily allow amendment of a complaint "when justice so requires." USCIT Rule 15(a)(2). The government is correct that the intervening caselaw exception applies to issues that present a pure question of law, see Agro Dutch Indus. Ltd. v. United States, 508 F.3d 1024, 1029 (Fed. Cir. 2007) (noting that the Court of International Trade has developed a "pure legal question" exception to the exhaustion requirement in trade cases). Any efforts by Toyo Kohan to challenge Commerce's application of the Cohen's d methodology in the underlying proceedings would have been futile, however, because the Federal Circuit had not yet resolved the issue of how Cohen's d could be applied properly, while Commerce adhered to the methodology faithfully after several opportunities to reconsider it. As Toyo Kohan notes, the Federal Circuit's decision in Marmen fundamentally shifted the legal standard controlling Commerce's application of the Cohen's d test. Accordingly, justice requires that Toyo Kohan be allowed to address Commerce's application of Cohen's d under the standard articulated by the Federal Circuit in Marmen.[1]

For the forgoing reasons, the court GRANTS the motion to amend.

/s/ Jane A. Restani
Jane A. Restani. Judge

Dated: June 17, 2025
    New York, New York

---

[1] The government has not shown that Toyo Kohan's request would unduly delay resolution of the case or prejudice the other parties. While the government contends that Toyo Kohan should have raised the issue of the potential impact of Marmen and Stupp in the joint status report and proposed briefing schedule, it fails to cite to any support for this contention. See Gov. Resp. at 14–15.