IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JANE A. RESTANI, JUDGE

|  |  |
|---|---|
| TOYO KOHAN CO. LTD., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES, )<br>)<br>Defendant, )<br>)<br>and )<br>)<br>THOMAS STEEL STRIP CORPORATION, )<br>)<br>Defendant-Intervenor. )<br>) | Court No. 24-00261 |

**DEFENDANT'S RESPONSE TO COURT'S QUESTIONS**

Pursuant to the supplemental questions issued by the Court, ECF No. 47, defendant, the United States, provides the following response to the Court's questions.

1. **Assuming *arguendo* that there is no average-to-transaction specific entry calculation, what happens to the date of sale issue?**

Assuming *arguendo*, that there is no average-to-transaction (A-to-T) calculation, the date of sale issue remains relevant to the current case, for two reasons.

First, according to 19 C.F.R. § 351.213(e), the period of review for an administrative review will normally cover, as appropriate, entries, exports, or sales of the subject merchandise during the 12 months immediately preceding the first anniversary month.  The Department of Commerce uses the date of sale of subject merchandise to determine whether the sale falls into the universe of sales covered by a period of review.  Only sales with a date of sale during the period of review are examined in the review and also included in Commerce's margin

calculations. Commerce calculates its dumping margin by comparing U.S. sales to normal value, and only sales with the date of sale within the period of review are included in this comparison.

Second, in addition to establishing the universe of sales, the date of sale of subject merchandise is also relevant to Commerce's conversion of currency. According to 19 C.F.R. § 351.415(a), "in an antidumping proceeding, the Secretary will convert foreign currencies into United States dollars, using the rate of exchange on the date of sale of the subject merchandise." Once the proper date of sale is chosen, Commerce is legally obligated to use the currency exchange rate from that date. *See Viraj Grp., Ltd. v. United States.*, 25 C.I.T. 1017, 1022 (2001); *see also* 19 U.S.C. § 1677b-1(a). The date of sale used is critical to Commerce's determination because exchange rates fluctuate over time. The chosen date directly affects the converted U.S. dollar value of foreign prices and therefore may have an effect on the normal value, export price or constructed export price, and ultimately, the dumping margin.

In the current case, Commerce conducted an administrative review of the antidumping duty order on diffusion-annealed, nickel-plated flat-rolled steel products from Japan, covering the period of review from May 1, 2022, through April 30, 2023. The Court's decision to sustain or remand Commerce on its date of sale determination will have an impact on the margin calculation exclusive and independent of Commerce's use of the A-to-T method. Therefore, assuming *arguendo* there is no A-to-T specific entry calculation, the date of sale issue still remains relevant to Commerce's ultimate margin calculation.

2. **Assuming *arguendo* that the court remands to Commerce on the Cohen's *d* issue, should it address the date of sale issue now?**

Assuming *arguendo*, that the Court remands to Commerce on the Cohen's *d* issue, the Court should address the date of sale issue now. As established above, the date of sale issue will

affect certain aspects of Commerce's determination, including the universe of sales used in Commerce's calculation as well as Commerce's conversion of currency, regardless of whether Commerce uses an average-to-average or average-to-transaction comparison. Therefore, in order to conserve the Court's and the parties' resources, we respectfully request that the Court address the date of sale issue now such that Commerce will be able to address the issue, if necessary, in any potential remand determination.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | BRETT A. SHUMATE<br>Assistant Attorney General |
|  | PATRICIA M. McCARTHY<br>Director |
|  | /s/ Tara K. Hogan<br>TARA K. HOGAN<br>Assistant Director |
| OF COUNSEL: | /s/ Emma E. Bond<br>EMMA E. BOND<br>Senior Trial Counsel |
| CHARLIE CHUNG<br>Senior Attorney<br>Office of the Chief Counsel<br>   for Trade Enforcement & Compliance<br>U.S. Department of Commerce | Commercial Litigation Branch<br>U.S. Department of Justice<br>P.O. Box 480<br>Washington, DC 20044<br>(202) 305-2034<br>Email: emma.e.bond@usdoj.gov |
| August 18, 2025 | Attorneys for Defendant |