# UNITED STATES COURT OF INTERNATIONAL TRADE

**Before: The Honorable Jane A. Restani, Judge**

|  |  |  |
|---|---|---|
| **TOYO KOHAN CO. LTD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Court No. 24-00261** |
| **v.** | ) | |
| | ) | <u>**NON-CONFIDENTIAL VERSION**</u> |
| **UNITED STATES,** | ) | |
| | ) | *Confidential information is removed from page 2.* |
| **Defendant,** | ) | |
| | ) | |
| **THOMAS STEEL STRIP CORPORATION,** | ) | |
| | ) | |
| **Defendant-Intervenor.** | ) | |
| | ) | |
| | ) | |

## PLAINTIFF TOYO KOHAN'S RESPONSE TO COURT'S QUESTIONS

Daniel L. Porter
James P. Durling
Gina M. Colarusso
John Taishu Pitt

**Pillsbury Winthrop Shaw Pittman LLP**
1200 17th St, N.W.
Washington, D.C. 20036
202-663-8140

*Counsel for Toyo Kohan Co., Ltd.*

**August 18, 2025**

## Toyo Kohan Responses To Court's Questions of August 11, 2025
*Court No. 24-00261*

Pursuant to the supplemental questions issued by the Court, ECF No .47 (questions repeated below), Plaintiff Toyo Kohan Co., Ltd. ("Toyo Kohan" or "Plaintiff") provides the following responses to the Court's questions.

> 1.    *Assuming __arguendo__ that there is no average-to-transaction specific entry calculation, what happens to the date of sale issue?*

**<u>Toyo Kohan Answer</u>**:        The date of sale issue and the Cohen's d comparison methodology issue are two separate issues.  In the context of an administrative review, the date of sale issue exists regardless of whether the Department of Commerce ("Commerce") adopts an average-to-average (A-A) comparison methodology or an average-to-transaction (A-T) comparison methodology after applying its Cohen's d test.

The reason is that in administrative reviews the date of sale issue directly affects <u>which month of home market sales</u> will be used for the comparison and the home market month selection affects the antidumping (AD) margin calculation regardless of whether the A-A or A-T comparison methodology is used.

In a Commerce administrative review (as opposed to an original investigation), Commerce's regulations require Commerce to compare U.S. prices to home market prices on a *monthly* basis.  This is true, regardless of whether the A-A or A-T methodology is used.[1] Pursuant to Commerce's regulations, Commerce utilizes the month of the "date of sale" for the U.S. sale transaction to determine the appropriate month of the home market sales (to be used for comparison).[2]  In the underlying review here, Commerce followed its regulations.

For example, if the "date of sale" for the U.S. sale is in March, Commerce will use the average price of home market sales in March to determine normal value.  And if the "date of sale" of the U.S. sale is in May, Commerce will use the average price of home market sales in May to determine normal value.

Consequently, the appropriate date of sale for U.S. sales becomes important – regardless of the margin methodology used – whenever the different dates lead to different home market months being chosen for the comparison.  And this is precisely what happened with many of

---

[1]  *See* 19 C.F.R. § 351.414(d)(3) ("When applying the <u>average-to-average</u> method <u>in a review</u>, the Secretary normally will calculate weighted averages on a <u>monthly basis</u> and compare the weighted-average monthly export price or constructed export price to the weighted-average normal value for the contemporaneous month") (emphasis added) <u>and</u> 19 C.F.R. § 351.414(e) ("In applying the <u>average-to-transaction</u> method <u>in a review</u>, when normal value is based on the weighted average of sales of the foreign like product, the Secretary will limit the averaging of such prices to <u>sales incurred during the contemporaneous month</u>.") (emphasis added).

[2]  *See* 19 C.F.R. § 351.414(f).

Toyo Kohan's U.S. sales transactions in the underlying AD review.  We illustrate with an example using Toyo Kohan data from the underlying AD review.

| Invoice # | CONNUM | QTY | US Net Sales Price | Shipment Date | Invoice Date | HM average net sales price for month of US shipment (March) | HM average net sales price for month of US invoice (May) |
|---|---|---|---|---|---|---|---|
| [       ] | [       ] | [   ] | [       ] | [       ] | [   ] | [       ] | [       ] |

As can be seen, if the appropriate date of sale for the above U.S. sale transaction is the invoice date of May, the U.S. sales price of USD **[            ]** would be compared to the May home market average sales price of USD **[            ]**.  But if the appropriate date of sale for the above U.S. sales transaction is the shipment date of March, the U.S. sales price of USD **[            ]** would be compared to the March home market average sales price of USD **[            ]**.  With the first comparison, there is no dumping because the U.S. sales price is higher compared to home market prices in May.  But with the second comparison, there is dumping because the U.S. sales price is lower than the home market prices in March.

As this example shows, changing the date of sale and thus changing the month of the home market comparison price being used has a significant effect on the dumping margin regardless of the comparison methodology used.

2. *Assuming arguendo that the court remands to Commerce on the Cohen's d issue, should it address the date of sale issue now?*

**Toyo Kohan Answer:**        Yes, assuming *arguendo* that the Court remands to Commerce on the Cohen's d issue, for the sake of efficiency and judicial economy in concluding this appeal, the Court should address (and remand) the date of sale issue so that Commerce can reconsider both issues at once in its remand redetermination consistent with the Court's instructions.

As explained above in response to the Court's first question, the date of sale issue and the Cohen's d issue are separate issues.  In the context of an administrative review, the date of sale issue – and the matching to different months depending on the date of sale – exists regardless of whether Commerce adopts an average-to-average (A-A) comparison methodology or an average-to-transaction (A-T) comparison methodology after applying its Cohen's d test.

Thus, having Commerce reconsider its differential pricing analysis regarding use of the Cohen's d test will have no bearing on the need for Commerce to reconsider its determination regarding the appropriate date of sale for U.S. sales.

Moreover, based on multiple other cases in which Commerce has addressed its approach since the Federal Circuit's decisions in *Marmen* and *Stupp*, *see e.g., Certain New Pneumatic Off-the-Road Tires from India: Preliminary Results and Partial Recission of Antidumping Duty Administrative Review; 2023-2024*, 90 Fed. Reg. 30,871 (July 11, 2025) and accompanying Issues and Decision Memorandum at 6-8 and n.19, it is highly unlikely that Commerce's remand redetermination concerning the Cohen's d issue will resolve Toyo Kohan's concerns about the final determination at issue here.

On the other hand, should the Court agree with Toyo Kohan's argument concerning the appropriate date of sale, and should Commerce's remand redetermination conclude that invoice date is the correct date of sale for U.S. sales, it is quite possible that this appeal could conclude with just a single remand proceeding. That is, regardless of what Commerce decides to do to bring its differential pricing analysis in line with the Federal Circuit's holding in *Marmen* and *Stupp*, a correct and substantiated finding with respect to the U.S. date of sale should lead to a sufficiently accurate dumping margin, which should conclude this appeal. Indeed, we believe that the correct use of invoice date as the date of sale here should lead to a de minimis dumping margin regardless of the comparison methodology used.

Toyo Kohan respectfully submits that the Court already possesses the information and arguments necessary to move forward with an opinion on the merits regarding Commerce's selection of the appropriate date of sale for U.S. sales. If the Court were to wait to consider the merits of the date of sale issue until after Commerce renders a remand redetermination on the Cohen's d issue, Toyo Kohan believes that no less than two remand proceedings will become necessary when, ideally, one could well be sufficient. Therefore, addressing the date of sale issue now would better serve judicial efficiency. A partial remand on the Cohen's d issue is likely to prolong this appeal unnecessarily.

Respectfully submitted,

/s/ Daniel L. Porter

Daniel L. Porter
James P. Durling
Gina M. Colarusso
John Taishu Pitt

**Pillsbury Winthrop Shaw Pittman LLP**
1200 17th St, N.W.
Washington, D.C. 20036
202-663-8140

*Counsel for Toyo Kohan Co., Ltd.*

Dated: August 18, 2025