IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE JANE A. RESTANI, JUDGE

|  |  |
|---|---|
| TOYO KOHAN CO. LTD., <br><br> *Plaintiff*, <br><br> v. <br><br> UNITED STATES, <br><br> *Defendant*, <br><br> and <br><br> THOMAS STEEL STRIP CORPORATION, <br><br> *Defendant-Intervenor.* | Court No. 24-00261 |

**DEFENDANT-INTERVENOR'S RESPONSE TO THE COURT'S SUPPLEMENTAL QUESTIONS**

Defendant-Intervenor Thomas Steel Strip Corporation ("Thomas" or "Defendant-Intervenor") respectfully submits this response to the Court's supplemental questions issued on August 11, 2025. *See* ECF 47.

1. ***Assuming arguendo that there is no average-to-transaction specific entry calculation, what happens to the date of sale issue?***

Even if the U.S. Department of Commerce ("Commerce") did not rely on the "exception" average-to-transaction calculation methodology set forth in 19 U.S.C. § 1677f-1(d)(1)(B), the date of sale issue may still be relevant for two reasons. *First*, Commerce uses the date of sale to determine the universe of U.S. sales examined in this review.[1] Changing the date of sale would

---

[1] *See, e.g., ArcelorMittal USA LLC v. United States*, 302 F. Supp. 3d 1366, 1370 (Ct. Int'l Trade 2018) ("The date of sale therefore defines the universe of sales that fall within Commerce's

*(footnote continued on next page)*

potentially change the universe of sales included in Commerce's analysis and thus impact average sales prices used in the average-to-average comparison.  *Second*, pursuant to 19 U.S.C. § 1677f-1(d)(1)(A), when determining whether the subject merchandise is being sold in the United States at less than fair value, Commerce may either rely on the average-to-average methodology set forth in 19 U.S.C. § 1677f-1(d)(1)(A)(i) or the transaction-to-transaction methodology set forth in 19 U.S.C. § 1677f-1(d)(1)(A)(ii).  While the sale date of any individual transaction would not normally be relevant when using the average-to-average methodology (except for determining the universe of sales) it would be relevant if Commerce chose to utilize the transaction-to-transaction methodology.

Moreover, for clarity, Thomas notes that the Federal Circuit in *Marmen Inc. v. United States* did not find that Commerce was never permitted to utilize the average-to-transaction methodology set forth in 19 U.S.C. § 1677f-1(d)(1)(B).  Instead, the *Marmen* Court determined that Commerce's use of the Cohen's *d* test to determine whether there was differential pricing was unreasonable where the underlying data do not satisfy the underlying statistical assumptions for the Cohen's *d* test.[2]  That is, whether the sales data satisfy the requirements of 19 U.S.C. § 1677f-1(d)(1)(B)(i), *i.e.*, the data present "a pattern of export prices (or constructed export prices) for comparable merchandise that differ significantly amount purchasers, regions, or periods of time," is not always satisfied by the Cohen's *d* test but may otherwise be present in the data.  As such, *Marmen* does not bar Commerce from employing an alternative test to determine

---

period of investigation ("POI"), and that are subject to Commerce's less than fair value determination.").

[2] *Marmen Inc. v. United States*, 134 F.4th 1334, 1348 (Fed. Cir. 2025).

whether differential pricing exists in such circumstances or, where it does, in using the average-to-transaction methodology, provided the other statutory conditions are met.

2. ***Assuming <u>arguendo</u> that the court remands to Commerce on the Cohen's d issue, should it address the date of sale issue now?***

Thomas defers to the Court's judgement on the best use of judicial resources. However, given that determining the appropriate date of sale will remain relevant regardless of the methodology employed, Thomas believes it would be appropriate to address that issue now.

        Respectfully submitted,

        /s/ James R. Cannon Jr.

        James R. Cannon, Jr.
        Nicole Brunda
        CASSIDY LEVY KENT (USA) LLP
        2112 PENNSYLVANIA AVE. NW
        SUITE 300
        WASHINGTON, D.C. 20037
        (202) 567-2300

        *Counsel to Thomas Steel Strip Corporation*

Date:   August 18, 2025